

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

December 21, 1965

Mr. Joe G. Moore, Jr.
Executive Director
Texas Water Development Board
Sam Houston State Office Building
Austin, Texas

OPINION NO. C-571

Re: Tuition expense of
employees of the Texas
Water Development Board
to attend an eight day course
in earth control and inves-
tigation held by the Bureau
of Reclamation, Denver Labo-
Dear Mr. Moore:                                    ratories.

You request our opinion as to whether the Texas Water
Development Board may pay the tuition of two employees to
attend an eight day course in Earth Control and Investigation
conducted at the Bureau of Reclamation, Denver Laboratories;
said course includes training in soil classification, logging,
and soils engineering investigations. You further advised
that each of said employees has a degree in Geology and each,
in his present employment with the Texas Water Development
Board, is charged with the responsibility of investigating
foundation geology of dams and reservoirs and you state that
even though they are trained and experienced in the field, the
relative uniqueness of this occupation requires continuous
education in new processes, conditions, and operations.

You propose to make the $300.00 tuition expenditure
($150.00 per man) from your appropriation for "Water Studies
and Investigations" which are designated in the appropriations
bill to be used for "ground water, surface water, and chemical
quality investigations; ... and shall include statistical
compilations in cooperation with other government agencies ..."
However, you are informed that the Comptroller of Public
Accounts will not approve the tuition expense without an Attor-
ney General's Opinion authorizing payment.

The appropriation to your department, contained in Article
III, House Bill 12, Acts of the 59th Legislature, authorizes

such expenditure unless it violates Section 51 of Article
III, of the Constitution of Texas, which reads as follows:

> "The Legislature shall have no power to make
> any grant of public moneys to any individual,
> association of individuals, municipal or other
> corporations whatsoever; ... ."

The most recent expression of this office on this matter
was contained in Attorney General's Opinion WW-505 (1958),
approving a request of the General Land Office to pay the
registration fees for the Chief Appraiser to attend the South-
west Appraisal Conference. Through the years many other opin-
ions of this office authorizing expenditures for travel expense,
registration and tuition fees have been issued, including, but
by no means limited to WW-83 (1957) and WW-433 (1958).

In all such expressions the opinion was that Section 51
of Article III, of the Texas Constitution, prohibits the Legis-
lature from granting or appropriating public money to an indi-
vidual, but it does not prevent the Legislature from making
available such funds to an individual if the use and purposes
of such expenditure is for the furtherance of the governmental
duties of the State, and that the expenditure of such funds for
personnel to attend schools, clinics and conferences for train-
ing purposes is directly and substantially related to the
performance of the State's governmental functions.

As stated in Attorney General's Opinion WW-433 (1958):

> "In reviewing past Attorney General's Opinions
> on the same question of training of governmental
> personnel, it is noted that the following rules
> have been consistently applied to determine whether
> the training was such that the State could pay for
> it. The question asked is whether the training des-
> cribed will be directly and substantially used to
> facilitate the governmental duties and functions of
> the State agency requesting such training. Also, do
> the facts establish that there is a reasonable, sub-
> stantial and direct relationship between the purpose
> of the training and the accomplishment of the govern-
> mental functions entrusted to the employee? (Attorney
> General's Opinion No. WW-83, April 1, 1957, Insurance
> Commission employee training at I.B.M. school, 2-week
> course; Attorney General's Opinion No. WW-223, September
> 12, 1957, Department of Public Safety employee pilot
> training in flight proficiency training program;

Attorney General's Opinion No. S-209, July 20,
1956, Secretary of State employee training at
I.B.M. school, 4-day course; Attorney General's
Opinion No. R-2128, Department of Public Safety
employee training in Police Administration at
Northwestern University, 4 1/2 month course)."

In applying the above rules to the fact situation that
you have presented, it is the opinion of this office that the
training to be provided such employees will be directly and
substantially used to facilitate the administration of the
governmental duties of the Texas Water Development Board and
the expenditure of such funds is not prohibited under Section
51 of Article III of the Texas Constitution.

The remaining question is whether the appropriation is
restricted by Section 18, Article V, House Bill 12, Acts of
the 59th Legislature (Appropriations Bill); which provides:

"Restriction on Registration Fees. None of the
monies appropriated in this Act may be expended for
dues, registration fees or any kind of similar ex-
pense incurred in joining or attending any type of
organization unless the membership is in the name
of the State of Texas."

The above quoted provision of the Appropriations Bill
would prohibit expenditure of such funds for such purposes
only if the provision, in this situation, did in fact require
registration in the name of the State of Texas and this were
not complied with. It could be argued that the course of
instruction conducted by the Bureau of Reclamation was a "type
of organization" and the registrations must be in the name of
the State of Texas if the tuition is to be paid from such
appropriated funds. However, in this particular instance,
inasmuch as the Bureau of Reclamation is an agency of the
United States the term "organization" would not be applicable.
In holding that the word "organization" did not apply to the
United States, the New Hampshire Supreme Court, in the case of
Farm Mutual Auto Ins. Co. v. Manson, 54 A.2d 580, 583; 94 N.H.
389; stated: "Certainly 'organization' is not commonly employed
in speaking of the United States."

Therefore, it is the opinion of this office that such
Section 18, of Article V, of House Bill 12, Acts of the 59th
Legislature, does not require, as a prerequisite to expenditure
of appropriated funds, that registration at courses conducted

Mr. Joe G. Moore, Jr., page 4 (C-571)

by the Bureau of Reclamation be made in the name of the State of Texas. However, there is no reason why the registrations could not be made in the name of the State of Texas.

### SUMMARY

The Texas Water Development Board may pay from appropriated funds the tuition fees of two employees to attend an eight day course in Earth Control and Investigation conducted by the Bureau of Reclamation, Denver Laboratories and the registration need not be made in the name of the State of Texas, although it may be so made.

Very truly yours,

WAGGONER CARR
Attorney General of Texas

By _Harold G. Kennedy_
Harold G. Kennedy
Assistant Attorney General

HGK:ab

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
John Reeves
Pat Bailey
Robert Flowers
Linward Shivers

APPROVED FOR THE ATTORNEY GENERAL
By: T. B. Wright